heard before a Magistrate Judge. This could be beneficial in expediting your case to trial since Magistrate Judges cannot preside over criminal trials and, therefore, their trial schedules can provide a guaranteed date for your trial to begin.

✗ Throughout the trial and even after the trial, you may file various motions to ask from the Judge certain orders favorable to you. For example, you can make a motion for directed verdict, after you have presented all your evidence to the jury or the Judge, arguing you believe that there is only one possible verdict, namely a verdict in your favor. If after a jury returns a ✗ verdict against you, and you believe the verdict is legally wrong, you can make a motion for judgment N.O.V. (judgment notwithstanding the verdict), asking the Judge to enter a judgment different from the jury's verdict. Even if the Judge has entered a final judgment against you, you may still make a motion for reconsideration within ten (10) days after the entry of ✗ an order if you feel there was error of law or fact, or new evidence is discovered.

If you lose your case in the Hawaii District Court, you can ask the 9th Circuit Court of Appeals in San Francisco, California, to review the District Court's decision. This process is called an appeal. You may appeal if you believe (1) that the Judge did not interpret the law correctly, or (2) that the Judge allowed the Defendant to present some evidence to the jury against the rules, or (3) that the trial judge improperly prevented you from presenting your evidence, or (4) that the trial judge erroneously did not give an instruction to the jury that you requested, or (5) that there was not enough evidence for the jury to find judgment as it did, or (6) in some instances for other grounds.

A different set of rules controls the procedures for appeal. When you appeal to the 9th Circuit Court of Appeals, you must follow the <u>Federal Rules of Appellate Procedure</u> (FRAP). Under those rules, you must file with the Hawaii District Court a Notice of Appeal within thirty (30) days after the final judgment against you was entered, or sixty (60) days if the

7

EX "B"-1

judgment against you was entered, or sixty (60) days if the Defendant is the federal government. If you do not file within these time periods, your appeal may be dismissed.

The 9th Circuit Court of Appeals, after reviewing the Hawaii District Court's decision, will either affirm (agree with the Hawaii District Court) or reverse (disagree with the Hawaii District Court) the decision. If you are not satisfied with the opinion of the 9th Circuit Court of Appeals, you may ask that court for a reconsideration or for consideration by the larger panel of 9th Circuit Judges (this is called "en banc"). Finally, you may petition the Supreme Court of the United States in Washington, D.C., to accept the case for review. But, it is up to the Supreme Court to decide whether it wants to review your case or not. Once the Supreme Court has ruled on your case or denied your request for review, this is usually the end of your case.

SEE PAGE 15 PREPONDERANCE of the EVIDANCE, is in FAVOR of PLAINTIFF. SEE medical Records and OCT 17, 2005 Court Filed PLAINTIFF's "MOTION FOR mistrial" FROM/FOR APPEAL FROM JUDGEMENT," AND PAGE 19 WITH(OUT) PREJUDICE

8

EX "B" 2