DEPARTMENT OF THE CORPORATION COUNSEL  205

BRIAN T. MOTO          5421
Corporation Counsel
RICHARD B. ROST        7947
Deputy Corporation Counsel
200 South High Street
Wailuku, Maui, Hawaii 96793
Telephone No. (808) 270-7740
S:\ALL\RBR\CIV\SmithMPD00699\Opp to Recon.wpd

Attorneys for Defendants
 MAUI POLICE DEPARTMENT and DEPARTMENT
 OF THE PROSECUTING ATTORNEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD A. SMITH,<br><br>            PLAINTIFF,<br><br>    vs.<br><br>MAUI POLICE DEPT, et al., | CIVIL NO. CV04-00699 DAE KSC<br>(OTHER CIVIL ACTION)<br><br>DEFENDANTS MAUI POLICE DEPARTMENT AND DEPARTMENT OF THE PROSECUTING ATTORNEY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF EDWARD SMITH'S MOTION FOR RECONSIDERATION; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: None |

**DEFENDANTS MAUI POLICE DEPARTMENT AND DEPARTMENT OF
THE PROSECUTING ATTORNEY'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF EDWARD SMITH'S MOTION FOR RECONSIDERATION**

I.  **INTRODUCTION**

Defendants Maui Police Department and the Department of the Prosecuting Attorney, County of Maui (collectively "County"), by and through their attorneys, Brian T. Moto, Corporation Counsel and Richard B. Rost, Deputy Corporation Counsel, hereby submits their Memorandum in Opposition to Plaintiffs' Motion for Reconsideration.

More than one year ago, all Defendants in this action, including the County, filed motions to dismiss Plaintiff's baseless

and incoherent claims.  The Court granted those motions by order dated June 15, 2005.  Judgment was entered in favor of all defendants on June 16, 2005.

Plaintiff filed a Motion on June 9, 2006, asking this Court to reconsider its earlier ruling.  Plaintiff's Motion, however, does not provide sufficient grounds to meet the standard required for reconsideration.  Accordingly, the Motion should be denied.

## II.   <u>ARGUMENT</u>: **PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED**

The grounds to grant a motion for reconsideration are restrictive to, ". . . 'reflect [the] district courts' concern for preserving dwindling resources and promoting judicial efficiency.'" <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001), quoting <u>U.S. v. Navarro</u>, 959 F. Supp. 1273, 1299 (E.D. Cal. 1997), *reversed on other grounds by* <u>United States v. Navarro</u>, 160 F.3d 1254 (9th Cir. 1998), *cert. denied*, 527 U.S. 1011, 119 S. Ct. 2354, 144 L. Ed. 2d 249 (1999); quoting <u>Costello v. United States Gov't.</u>, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Likewise, it is well established that:

> [M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented . . . Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling . . . Finally, 'after thoughts' or 'shifting of ground' do not constitute an appropriate basis for consideration."

<u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d at 1130.

Plaintiff is presumably moving for reconsideration under FRCP 60.[1]  Reconsideration under Rule 60(b) is permitted, in relevant part, based on:  "1) mistake, inadvertence, surprise or excusable neglect;  2)  newly  discovered  evidence...  3)  fraud  .  .  . misrepresentation, or other misconduct of an adverse party; 4) the judgment is void . . . or 6) any other reason justifying relief from the operation of the judgment."  FRCP 60(b)(1) - (b)(6).

Courts  have  held  that  motions  under  Rule  60(b)  are appropriate:  "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." Id. at 1131, citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Plaintiff makes no attempt to argue any of these grounds are present here.

Rather, Plaintiff makes a number of confusing and apparently unrelated complaints.  He complains about the actions of the Office of  the  Public  Defender.  (See  Motion,  p.  3).  He  makes  an unintelligible allegation regarding certain Maui Police Officers, and complains the Department of the Prosecuting Attorney wrongfully indicted him.  (See Motion, p. 6-7).  He even claims this Court discriminated against him due to the fact that all four of his recent  suits  involving  the  County  have  been  dismissed.  (See

---

[1]Reconsideration  under  Rule  59(e)  would  clearly  be inappropriate, as any such motion must be filed "... no later than 10 days after entry of the judgment." FRCP 59(e).  As judgment was entered on June 16, 2005, Plaintiff's motion would be extremely untimely for Rule 59 purposes.

Motion, p. 1).  The bulk of Plaintiff's allegations seem to revolve around events that occurred in a criminal proceeding against him in Wailuku District Court, and certain physical injuries he allegedly received in another incident.  These complaints fail to provide any basis for reconsideration.  Moreover, Plaintiff's references to his attempts to file an appeal with the Intermediate Court of Appeals of the State of Hawaii indicates this Court's original ruling that it lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine was correct.

Plaintiff does not a claim a change in the law gives his claims merit.  Plaintiff offers no new evidence which contradicts this Court's original conclusion that Plaintiff had failed to sufficiently allege a cause of action or federal jurisdiction.  Plaintiff fails to offer an argument that reconsideration is necessary to prevent manifest injustice.  Nor does Plaintiff intelligibly allege fraud.  Indeed, Plaintiff makes nothing even resembling a legal argument.  There is, accordingly, no basis upon which to grant the motion.

## III.  <u>CONCLUSION</u>

Plaintiff's Motion for Reconsideration does not offer reasons sufficient under FRCP Rule 60 to allow reconsideration of the Court's judgment in this case.  Instead, Plaintiff's Motion is merely a frivolous and incomprehensible diatribe.  Therefore, the County respectfully requests that Plaintiff's Motion be denied.

DATED:  Wailuku, Maui, Hawaii, June 21, 2006.

BRIAN T. MOTO
Corporation Counsel
Attorney for Defendant
  MAUI POLICE DEPARTMENT &
  DEPARTMENT OF THE PROSECUTING
    ATTORNEY


By /s/Richard B. Rost
  RICHARD B. ROST
  Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

EDWARD A. SMITH,

            PLAINTIFF,

     vs.

MAUI POLICE DEPT, et al.

CIVIL NO. CV04-0699 DAE KSC
(OTHER CIVIL ACTION)

CERTIFICATE OF SERVICE

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing document was duly served on TODAY upon the following counsel in the manner indicated, addressed as follows:

|  | METHOD OF SERVICE: | |
|---|---|---|
|  | MAIL | HAND DELIVERY |
| EDWARD A. SMITH<br>277 Aliiolani Street<br>Pukalani HI  96768<br>Plaintiff Pro Se | X | |
| JOANNE B.K. FONG, ESQ.<br>HOLLY T. SHIKADA, ESQ.<br>Deputy Attorneys General<br>Department of the Attorney General<br>235 S. Beretania Street, Room 304<br>Honolulu HI  96813<br>  Attorney for Defendant<br>  (Wailuku District Court of<br>   the Second Circuit Court) | X | |
| JACQUELINE E. THURSTON, ESQ.<br>Motooka Yamamoto & Revere LLLC<br>1000 Bishop St Ste 801<br>Honolulu, HI 96813<br>Attorney for Defendant<br>(Mrs. Maureen Prather) | X | |

```
RICHARD L. ROST, ESQ.                    X
2041 Main Street
Wailuku, HI 96793
Attorney for Defendants
(Dr. & Mrs. Robert T. Wankmuller)
```

        DATED: Wailuku, Maui, Hawaii, June 21, 2006.

                          BRIAN T. MOTO
                          Corporation Counsel
                          Attorney for Defendants
                            MAUI POLICE DEPARTMENT &
                            DEPARTMENT OF THE PROSECUTING
                              ATTORNEY


                          By /s/Richard B. Rost
                            RICHARD B. ROST
                            Deputy Corporation Counsel

2