IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| EDWARD A. SMITH, | ) | CV. NO. 04-00699 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAUI POLICE DEPARTMENT, | ) | |
| COUNTY PROSECUTORS, | ) | |
| (AGENTS) FOR MAUI COUNTY | ) | |
| GOVERNMENT, DISTRICT | ) | |
| COURT OF THE SECOND | ) | |
| CIRCUIT, STATE OF HAWAII, | ) | |
| MR. & MRS. MAUREEN | ) | |
| PRATHER and MR. & MRS. | ) | |
| ROBERT THOMAS (FRANCES | ) | |
| ELENOR) WANKMULLER, and | ) | |
| JOHN DOES, JOHN DOES | ) | |
| CORPORATIONS, | ) | |
| PARTNERSHIPS, ROE NON- | ) | |
| PROFIT ORGANIZATIONS, ROE | ) | |
| GOVERNMENT AGENCIES 1 - | ) | |
| 100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Edward A. Smith's ("Plaintiff")

motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's

Motion to Reconsider.

## BACKGROUND

On November 24, 2002, Plaintiff filed a police report alleging that

Maureen Prather ("Prather") hit him with her vehicle and caused him physical

injuries.  After conducting an investigation of the report, the Maui Police

Department ("Maui Police") concluded that Plaintiff concocted the account and

subsequently charged him with making a false report to law-enforcement

authorities in violation of Hawaii Revised Statutes §710-1015(1).

On December 30, 2003, Plaintiff was found guilty of filing a false

report in the District Court of the Second Circuit of Hawaii ("Circuit Court").

Plaintiff appealed the state court's decision to the Supreme Court of the State of

Hawaii ("Hawaii Supreme Court").  The Hawaii Supreme Court assigned

Plaintiff's appeal to the Intermediate Court of Appeals on November 17, 2004.

On November 24, 2004, Plaintiff filed a complaint in this Court

against Defendants Prather, Maui Police, Circuit Court, County Prosecutors

("Prosecutors"), Robert Wankmuller ("Mr. Wankmuller"), and Frances

Wankmuller ("Mrs. Wankmuller") (collectively "Defendants") alleging a violation

of his rights, arising from the criminal proceedings against him in state court.

2

Defendant Circuit Court filed a motion to dismiss Plaintiff's complaint on January 24, 2005.  Defendants Maui Police and Prosecutors filed a motion to dismiss on February 10, 2005.  Plaintiff filed an opposition to Defendants' Circuit Court, Maui Police, and Prosecutors motions on February 23, 2005.  On March 1, 2005, Prather, Mr. Wankmuller and Mrs. Wankmuller filed a motion to dismiss Plaintiff's complaint or in the alternative, for a more definite statement.  On June 15, 2005, the Court granted Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.

Plaintiff proceeded to file the instant Motion for Reconsideration on June 9, 2006.  Defendants Maui Police and Prosecutors filed an opposition to Plaintiff Edward Smith's Motion for Reconsideration on June 21, 2006.  Defendants Circuit Court, Mr. Wankmuller and Mrs. Wankmuller joined in Defendants Maui Police and Prosecutors Memorandum in Opposition.

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir.  2003); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly

3

disregarded.  Rogers v. Watt, 772 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Carnell, 872 F. Supp. at 758. Three major grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont.  1988).

The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.  Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).  The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision.  Id.

Despite the lenience of the modern federal system of notice pleading, plaintiffs must at a minimum allege facts in the pleadings sufficient to place defendants on notice of plaintiffs' claims.  "It is too often overlooked that federal

4

pleading is still issue pleading, presenting a definite issue for adjudication."
Padovani v. Bruchhausen, 293 F.2d 546, 550 (2d Cir. 1961).  However, because
Plaintiff is proceeding pro se, the Court has an obligation to construe his motion
liberally.  The court must construe *pro se* pleadings liberally and afford the *pro se*
litigant the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir.
2001).

DISCUSSION

It is unclear what arguments Plaintiff is attempting to make in support
of the instant motion.  Plaintiff briefly contends that the Court should reconsider
his claim based on the discovery of new evidence.  Plaintiff argues that the police
report misidentifies his physician and that incorrect medical records were used at
his criminal trial.  Plaintiff contends that this evidence constitutes a basis for
reconsideration of the Order Granting Defendant's Motion to Dismiss because he
became aware of the evidence in question by reviewing court transcripts of his
criminal trial.  (Pl.'s Mot. for Recons. 9.)  Evidence that is known to the plaintiff at
trial is not newly discovered.  United States v. McKinney, 952 F.2d 333, 336 (9th
Cir. 1991).  Even if the evidence was newly discovered, it would still not constitute
a valid basis to grant Plaintiff's Motion for Reconsideration because the evidence
pertains to his criminal trial and not the instant action.

5

Plaintiff makes no apparent argument of manifest error of law or fact by the Court in his motion.  In addition, there has been no change in the controlling law.  As such, there is no valid basis for reconsideration.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff Edward A. Smith's Motion for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 17, 2006.



_____
David Alan Ezra
United States District Judge

Edward A. Smith vs. Maui Police Department, et al., CV No. 04-00699 DAE-KSC;
ORDER DENYING MOTION FOR RECONSIDERATION